IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**CARVIN G. BROOKS,**

    Defendant.

Case No. 3:13-CR-30252-NJR-1

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release re First Step Act filed by Defendant Carvin G. Brooks. (Doc. 67). Brooks asks the Court to grant his request for compassionate release and enter an order reducing his sentence to time-served, or, in the alternative, reduce his sentence to the 46 to 57 months as suggested in his presentence investigation report (Doc. 37), due to his medical conditions and the COVID-19 pandemic (Doc. 67).

### BACKGROUND

On April 24, 2014, Brooks pleaded guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951. (Doc. 40, p. 1). In October 2013, Brooks—who was on parole in the State of Missouri at the time—entered a gas station, physically struck a gas station clerk repeatedly with his closed fists while demanding money from the clerk, and took a little more than $300 from the register. (Doc. 1, p. 1). The clerk was treated for her injuries at a nearby hospital (Doc. 69).

In April 2014, now-retired District Judge Michael J. Reagan sentenced Brooks to

120 months in prison on Count 1. (Doc. 40, p. 2). The sentence was to run consecutive to the term Brooks was already serving in Missouri. (*Id*.). According to the website for the Bureau of Prisons ("BOP"), Brooks is scheduled to be released on March 17, 2023.[1]

Brooks, who is 40 years old, now argues he should be granted compassionate release because he has served more than 50 percent of his sentence, he has grown personally, and he suffers from bone disease. (Doc. 67, pp. 1-2). Brooks states that he tested positive for COVID-19, as has 90 percent of his housing unit. (*Id*.). He also claims he has made significant changes within himself and has attended many educational, self-help, and mental health programs (*Id*.). Brooks has completed a 500-hour residential drug and mental health program while incarcerated, has attended college preparation classes through the Saint Louis University Prison Program, has gained college credits through Kaskaskia College, and has taken various adult continuing education courses through the BOP. (*Id*.). He further states he has been diagnosed with bone disease, is a U.S. Army Veteran, and is an only child with a mother suffering from heart and respiratory diseases. (*Id*.). Brooks plans on continuing his medical and mental health treatment at the V.A. Medical Center or the Grace Hill Health Center. (*Id*.). Brooks also indicates he has employment waiting for him at Josie Nursing Care after his release. (*Id*.). Brooks plans to continue his education through trade schools or training through a union. (*Id*.).

The Government opposes the motion, arguing Brooks has failed to demonstrate extraordinary and compelling reasons for compassionate release. (Doc. 69, pp. 13-14). Medical records do not show Brooks suffers from any conditions that put him at an increased

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 1, 2021).

risk for severe complications from COVID-19, nor is there any evidence of an active diagnosis of bone disease. (*Id*. at p. 13). Additionally, Brooks already contracted COVID-19 and did not require hospitalization. (*Id*. at pp. 13-14).

The Government further contends Brooks would be a danger to another person or the community if he were released. (Doc. 69, p. 14). The Government notes that Brooks terrorized the gas station clerk and punched her repeatedly while he was on parole for Robbery, Burglary, and Armed Criminal Action. (*Id*.). Moreover, Brooks has accumulated a "handful of disciplinary infractions" while at the BOP, though only one of those infractions was for fighting. (Doc. 69-3). The remainder were for use of drugs or alcohol, being absent from his work assignment, and possession of stolen property. (*Id*.).

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2]

After such a motion is filed, either by the Director of the BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy

---

[2] The Government does not contend that Brooks failed to exhaust his administrative remedies.

statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. § 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Here, Brooks has not made that showing. Brooks has provided no evidence that he suffers from a bone disease or that he cannot care for himself within the correctional facility. Additionally, the fact that Brooks already contracted COVID-19 and did not suffer any severe symptoms weighs in favor of denying his motion. "[H]aving previously contracted COVID-19 with mild symptoms does not constitute an extraordinary and compelling basis to reduce a defendant's sentence." *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D.

Ill. Feb. 3, 2021).

Even if Brooks's conditions qualified as extraordinary or compelling reasons for release, in order to grant his motion, the Court must also consider the 18 U.S.C. § 3553(a) factors and determine that Brooks is not a danger to another person or to the community. Here, the Court cannot make that finding. As argued by the Government, Brooks repeatedly struck the victim in the face until she complied with his demands for money. Moreover, he committed this crime *while on parole* for another crime in which he entered the victim's home, held a knife to the victim, and threatened to kill the victim while demanding money. (Doc. 37 at p. 6). Given the violent nature of Brooks's crimes, the Court is unable to say that Brooks would not be a danger to the safety of any other person or the community if he were released.

Finally, the Court commends Brooks for the self-reported changes he has made within himself, his participation in educational and mental health programs, and the considerable effort he has made to better himself. Unfortunately, those accomplishments are not enough to warrant compassionate release under 18 U.S.C. § 3582.

Because Brooks has not established any extraordinary and compelling reasons warranting a reduction in his term of imprisonment, and because the Court is concerned Brooks would be a danger to the community if he were release, his Motion for Compassionate Release (Doc. 67) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 1, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**